## Liquor Control Board Employes

ARNOLD, Deputy Attorney General, November 7, 1934.—You have asked us to advise you as to the legality of a proposed plan for the examination and employment of employes of the Liquor Control Board which may be summarized as follows:

It is proposed that, when examinations are given to persons who desire employment by the board, there be two sets of examinations, one for persons who are already in the employ of the board and the other for persons not so employed. The purpose of the examination for present employes would be to make it possible for them to qualify for positions of higher rating than those then held.

As a result of these separate examinations, two eligibility lists would be prepared. When a vacancy would occur, the board would take first any persons available on the list made up of employe-applicants. Only after that list was exhausted would the other list be drawn upon.

In State Liquor Store Employes, 21 D. & C. 181, we advised the Liquor Control Board that, since our law contains no provisions for promotions such as are found in many civil service laws, employes of the board could not be promoted from one classification to another without examination. Your present inquiry arises from that ruling.

Section 302 of the Liquor Control Act of November 29, 1933, P. L. 15, provides that no officer or employe shall be appointed or employed by the board except as provided by that section. The board is then authorized to determine the qualifications which must be met by applicants for employment, and all applicants are required to take competitive examinations. The concluding paragraph of the section is as follows:

"All offices, places and employments in Pennsylvania Liquor Stores or establishments operated by the board shall be filled by selections from persons who have satisfactorily passed the examinations. The person receiving the highest grade shall be first appointed, and so on. The list of eligibles in any district shall be valid only until the next examination is held in such district."

In our opinion, the board could prescribe as a prerequisite to the taking of an examination for particular classes of employment that all applicants shall have had certain experience as employes of the Liquor Control Board. This, of course, would provide for the promotion of existing employes.

However, in our opinion, the additional feature of your proposition, namely, a separate examination for non-employes, would not be in accord with the law as it now stands.

The act requires that any vacancy shall be filled by employment of the person

who received the highest grade in his examination, and so on. Under the proposed plan, persons not already in the employ of the Liquor Control Board would not be competing at all in the examinations with the employe-applicants, although both were seeking the same position. The man who, as an outsider, received the highest grade in his examination would have no chance of obtaining the position until the lowest candidate on the employes' list had been promoted to a higher position.

In our opinion, such a plan would not constitute a system of competitive examination such as the act contemplates, and selections of employes from one of two concurrent lists would not satisfy the requirement that vacancies be filled by the person having the highest rating and so on.

Therefore, we advise you that the proposed plan, as outlined in the earlier part of this opinion, would not conform to the requirement of the law.

From C. P. Addams, Harrisburg, Pa.